FILED
MAY 04 2010
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Michael Smith, )
)
    Plaintiff, )
)
v. ) Civil Action No.
)
The United States of America *et al.*, ) 10 0697
)
    Defendants. )

## MEMORANDUM OPINION

Plaintiff Michael Smith has filed an application to proceed without prepayment of fees and a pro se complaint. The application will be granted and the complaint dismissed.

This complaint against the United States of America, the Equal Employment Opportunity Commission ("EEOC"), and the EEOC's acting chairman in his official capacity, invokes as grounds for bringing this action the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq., the Freedom of Information and Privacy Acts, 5 U.S.C. §§ 552, 552a ("FOIA/PA"), and seeks a writ of mandamus. *See* Complaint at 1. Through this action, Smith seeks to reverse the outcome of litigation he commenced in another court in 2004. *Id.* ¶ 101 (referring to *Smith v. Washington Suburban Sanitary Commission*, Case No. RDB–04-2288 (D. Md.)). That case resulted in summary judgment for the defendant. *Smith v. Washington Suburban Sanitary Commission*, Civil Actions No: RDB–04-2288, RDB–05-1153, 2006 WL 4706998, *8 (D.Md. Oct. 4, 2006). Smith unsuccessfully appealed to the United States Court of Appeals for the Fourth Circuit and to the United States Supreme Court. *See* Complaint ¶ 101. Subsequently, Smith contacted the Department of Justice and the EEOC, neither of which responded to him.

*Id.* As relief, Smith asks this Court to issue orders that reverse and vacate the foregoing judicial decisions, to issue declarations in his favor on various issues related to the prior litigation, and to issue mandamus orders compelling the EEOC to do certain things, including to produce certain documents. *Id.* ¶ I.(A)-(M).

Smith seeks relief that this Court is not empowered to grant. This Court does not have jurisdiction to reverse or vacate orders issued by the United States District Court for the District of Maryland, the United States Court of Appeals for the Fourth Circuit, or the Supreme Court of the United States.

The defendants in this action are immune from suit except where Congress has waived sovereign immunity. *Lane v. Pena,* 518 U.S. 187, 192 (1996); *United States v. Mitchell,* 463 U.S. 206, 212 (1983); *FDIC v. Meyer,* 510 U.S. 471, 484-85 (1994); *see also Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985) (an official capacity suit against an agency head is equivalent to a suit against the United States). Smith invokes the APA as authority for his private right of action against the EEOC, but his reliance is misplaced. Review pursuant to the APA is available only for final agency action, and the EEOC's determination in Smith's case did not constitute a final agency action because it lacked determinative consequences for either party. Rather, Smith was entitled to, and received, a de novo trial in district court on his employment discrimination claims. *See Georater Corp. v. EEOC,* 592 F.2d 765, 768 (4th Cir. 1979).

Smith does not state a claim under the FOIA/PA, as it does not appear that he ever made a FOIA request for the documents he seeks. Rather, he demands documents through a writ of mandamus directed to the EEOC. Complaint ¶¶ I.(F) & (H). The remedy of mandamus "is a drastic one, to be invoked only in extraordinary circumstances." *Allied Chemical Corp. v.*

*Daiflon, Inc.*, 449 U.S. 33, 34 (1980). It is available only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff," *In re Medicare Reimbursement Litigation,* 414 F.3d 7, 10 (D.C. Cir. 2005) (quoting *Power v. Barnhart,* 292 F.3d 781, 784 (D.C. Cir. 2002)). Smith is not entitled to mandamus relief for the documents he seeks or for any other relief he seeks, as he has not shown that "the duty to be performed is ministerial and the obligation to act . . . clear and indisputable," as opposed to discretionary, or that there are no other adequate remedies available. *Lozada Colon v. U.S. Dep't of State,* 170 F.3d 191 (D.C. Cir. 1999) (per curiam) (internal quotation marks and citation omitted). Indeed, Smith has already pursued other remedies with respect to some of his claims, albeit unsuccessfully, and he demonstrates an awareness of the FOIA, another adequate remedy available to him.

For the reasons stated, this complaint will be dismissed with prejudice. A separate order accompanies this memorandum opinion.

Date: April 28, 2010

/s/ Reggie B. Walton
United States District Judge